IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Single Source Apparel, Inc,<br><br>                  Plaintiff,<br><br>vs.<br><br>FB Systems, LLC,<br><br>                  Defendant. | Civil Action No. 8:10-2996-TMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

       This matter is before the court on the plaintiff's motion for sanctions pursuant to Federal Rule of Civil Procedure 37(b). The matter was referred to the undersigned by the Honorable Timothy M. Cain, United States District Judge, on January 25, 2012.[1]

       Plaintiff Single Source Apparel is a textile manufacturer located and doing business in Greenwood, South Carolina. Defendant FB Systems, LLC is a Tennessee-based company that holds itself out as producing and selling proprietary sandless burlap flood bags. Made with a super-absorbent polymer lining, the bags, when immersed, expand to create a flood barrier. This is an action that arises from the parties' agreement under which the plaintiff manufactured the bags for delivery to the defendant, and a separate written loan agreement under which the plaintiff advanced to the defendant money for its operations. The plaintiff brought this action against the defendant in contract for alleged failure to pay on invoiced deliveries of the bags; on the advanced sums that are past due and owing; on the costs incurred by the plaintiff for having to continue to inventory certain unpaid-for bags; and on the costs incurred by the plaintiff for the purchase of certain

---

[1]The undersigned has prepared a report and recommendation rather than an order because the discovery issues in this case raise evidentiary concerns.

manufacturing raw materials retained by the defendant. The defendant in turn brought counterclaims for breach of contract, violation of the South Carolina Trade Secrets Act, and for civil conspiracy.

The plaintiff filed a motion to compel and for fees and costs on October 10, 2011, which was referred to the undersigned by Judge Cain on November 16, 2011. The discovery requests at issue were served on the defendant on June 28, 2011. In its response filed on October 27, 2011, the defendant stated that it had made a good faith effort to gather and identify documents response to the plaintiff's discovery requests but that it had been unable to do so because of the company had recently relocated. The plaintiff noted in its reply that the defendant's Secretary and Director of Accounting, Nancy Tasker, testified in her deposition that the defendant had been settled it its new offices since September 2011 and that the company's President, Barron Tasker, had never asked her to locate, preserve, and make available for production documents in her possession that were responsive to the plaintiff's discovery requests. In a hearing held on December 2, 2011, this court granted the plaintiff's motion to compel and for attorney fees and expenses and ordered the defendant to provide responses to the plaintiff's discovery requests within ten days. This court further directed the plaintiff's counsel to submit a proposed order outlining fees. On December 13, 2011, this court issued a written order finding that the defendant's failure to meet its discovery obligations caused the plaintiff to incur attorney fees and expenses related to bringing the motion to compel in the amount of $8,430.80. The defendant was ordered to pay that amount within 15 days of the entry of the order.

On January 19, 2012, the plaintiff filed the motion for sanctions that is now at issue. The motion was referred to this court by Judge Cain on January 25, 2012. The plaintiff noted that the defendant had failed - as ordered by the court - to provide documents regarding its purported testing of the bags at issue in the defendant's counterclaims along with certain banking and financial records. Other deficiencies in the defendant's discovery responses were also set forth in the plaintiff's motion (pl. m. for sanctions at 10-18). Furthermore, the defendant did not make the court-ordered payment of attorney fees and

expenses. The defendant filed no opposition to the motion for sanctions. A hearing was set for February 15, 2012, and Mr. Tasker was directed to appear at such hearing.

During the February 15th hearing, Mr. Tasker was advised of the sanctions available to the court under Federal Rule of Civil Procedure 37 for the defendant's failure to obey this court's discovery orders. Those sanctions include dismissing the defendant's counterclaims, rendering a default judgment against the defendant, and treating as contempt of court the failure to obey this court's orders. *See* Fed.R.Civ.P. 37(b)(2)(A).

At the February 15th hearing, Mr. Tasker was put on notice that, as President of defendant FB Systems, LLC, it is his duty to comply with this court's orders, and he may be held in contempt for his failure to do so. *See Colonial Williamsburg Foundation v. Kittinger Co.*, 38 F.3d 133, 137 (4th Cir. 1994) ("'A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt.'") (quoting *Wilson v. United States*, 221 U.S. 361, 376 (1911)).

The plaintiff has incurred additional attorney fees and expenses associated with the filing of the motion for sanctions, which the plaintiff's counsel estimates at approximately $9,000. As noted above, the defendant was previously ordered to pay $8430.80 for the plaintiff's attorney fees and expenses related to bringing the underlying motion to compel. At the February 15th hearing, this court found that a reasonable amount for attorney fees and expenses associated with both the underlying motion to compel and the motion for sanctions totals $15,000.

By written orders filed February 16 and 17, 2012, this court ordered the defendant to produce to the plaintiff's counsel all outstanding responses to the plaintiff's discovery requests as set forth in the motion for sanctions (pl. m. for sanctions at 5-18) by Tuesday, February 21, 2012 at 4:00 p.m. and to provide $15,000 in attorney fees and expenses to the plaintiff's counsel by Wednesday, February 22, 2012, at 4:00 p.m.

In a hearing held February 23, 2012, before this court, Mr. Tasker appeared along with defense counsel and the plaintiff's counsel. The court was informed by defense counsel and Mr. Tasker that the defendant had provided all responsive documents in the defendant's possession to the plaintiff. Mr. Tasker also informed the court that he paid $7500 of the court-ordered attorney fees by the deadline but was unable to pay the balance. Mr. Tasker stated under oath that he would be able to pay the remaining $7500 on February 29th. Accordingly, this court entered a Show Cause Order directing Mr. Tasker to appear before Judge Cain on Friday, March 2nd, at 11:00 a.m. to show cause why he should not be held in civil contempt for failure to pay the full amount of attorney fees.

The plaintiff states that there are still deficiencies in the responses. Meanwhile, Mr. Tasker stated under oath that he has provided all responsive documents in the company's possession to the plaintiff. The defendant clearly has a duty to supplement its discovery responses if additional information is discovered, and the court expects the defendant to comply with that duty. *See* Fed.R.Civ.P. 26(e). As discussed above, it took approximately eight months for the defendant to respond to the plaintiff's discovery requests, and only then under the threat of holding Mr. Tasker in civil contempt. Given the foregoing, this court recommends that the defendant be prohibited from introducing any documents not produced to the plaintiff as of February 23, 2012, as evidence in a trial of this case. *See* Fed.R.Civ.P. 37(b)(2)(A)(ii). Accordingly, the plaintiff's motion for sanctions (doc. 41) should be granted in part as set forth above.

IT IS SO RECOMMENDED.

s/Kevin F. McDonald  
United States Magistrate Judge

February 24, 2012  
Greenville, South Carolina