IN THE DISTRCT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Single Source Apparel, Inc., )<br>)<br>Plaintiff, )<br>)<br>versus )<br>)<br>FB Systems, LLC, )<br>)<br>Defendant. ) | **OPINION and ORDER**<br><br>C/A No. 8:10-2996-TMC |

This matter is before the court for the issuance of an order on the Report and Recommendation filed by Magistrate Judge Kevin F. McDonald.[1] On February 24, 2012, Magistrate Judge Kevin F. McDonald issued a Report and Recommendation (Dkt. No. 65) recommending that the Defendant be prohibited from introducing any documents not produced to the Plaintiff as of February 23, 2012, as evidence in a trial this case and that the Plaintiff's Motion for Sanctions (Dkt. No. 41) be granted in part. No objections have been filed in response to the Report and Recommendation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the

---

[1] On January 25, 2012, the Plaintiff's Motion for Sanctions (Dkt. No. 41) was referred to Magistrate Judge Kevin F. McDonald.

Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

However, in the absence of objections to the Magistrate Judge's Report and Recommendation, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

For the reasons set forth below, the court determines that the Plaintiff's Motion for Sanctions (Dkt. No. 41) should be granted in part.

## BACKGROUND

As set forth in the Report and Recommendation ("Report"), Plaintiff, Single Source Apparel, is a textile manufacturer located and doing business in Greenwood, South Carolina. Defendant, FB Systems, LLC, is a Tennessee-based company that holds itself out as producing and selling proprietary sandless burlap food bags. As the Report specifically sets forth the reasons arising from the filing of this action, the court incorporates the same herein as if repeated verbatim.

On December 2, 2011, a hearing was held before Magistrate Judge Kevin F. McDonald on the Plaintiff's Motion to Compel and for Fees and Costs (Dkt. No. 25) which was granted, and the Defendant was ordered to provide responses to the Plaintiff's discovery within ten days. In addition, the Plaintiff's counsel was ordered to submit a proposed order outlining fees. On December 13, 2011, the Magistrate Judge issued a written order in which the Defendant was ordered to pay the amount of $8,430.80 for Plaintiff's attorney fees and expenses related to bringing the Motion to Compel within fifteen days of the entry of the order. (Dkt. No. 37).

By reason of the Defendant's failure to comply with the Orders of the Magistrate Judge, the Plaintiff filed a Motion for Sanctions on January 19, 2012. (Dkt. No. 41). The Defendant

failed to respond, and a hearing was held before the Magistrate Judge on February 15, 2012 at which time Barron Tasker ("Tasker"), as President of the Defendant, was put on notice that it was his duty to comply with this court's orders, and he could be held in contempt for his failure to do so. *See Williamsburg Foundation v. Kittinger Co.,* 38 F.3d 133, 137 (4th Cir. 1994). Also *See Wilson v. United States*, 221 U.S. 361, 376 (1911).

By written orders issued on February 16, 2012 (Dkt. No. 50) and on February 17, 2012 (Dkt. No. 54), the Defendant was again ordered to comply with the Plaintiff's discovery requests by Tuesday, February 21, 2012, at 4:00 P.M. and to provide $15,000.00 in attorney fees and expenses to the Plaintiff's counsel by Wednesday, February 22, 2012, at 4:00 P.M. At a hearing held on February 23, 2012, the Magistrate Judge was informed by defense counsel for Tasker that the Defendant had provided all responsive documents to the Plaintiff and had paid $7,500.00 of the court-ordered attorney fees but that he was unable to pay the balance. After stating under oath that the remaining $7,500.00 would be paid by February 29, 2012, Tasker failed to do so resulting in a the issuance by Judge McDonald of a Show Cause Order with a return date of Friday, March 2, 2012, at 11:00 A.M. The Order provided that Barron Tasker, as President of the Defendant, would appear to show cause why he should not be held in civil contempt for failure to pay the full amount of attorney fees as ordered.

The Plaintiff has advised the Magistrate Judge that deficiencies remain in the Defendant's discovery responses. Tasker has stated under oath that he has provided all responsive documents in the Defendant's possession to the Plaintiff. (Report at 4).

## **SHOW CAUSE HEARING**

At the Show Cause hearing held on March 2, 2012, the court made the following findings and conclusions on the record:

1. That Tasker had willfully failed to comply with the February 23, 2012 Order of Judge McDonald and, accordingly, was in willful civil contempt;

2. That Tasker had exhibited a pattern and course of conduct of willful disregard and violation of orders of the court;

3. That the District Court has the statutory authority to punish for contempt pursuant to 18 U.S.C. § 401; and

4. That the elements of civil contempt had been established in that it had been demonstrated, to the satisfaction of the court, by clear and convincing evidence, that (A) the existence of a valid decree of which the alleged contemnor had actual knowledge; (B) the decree was in the Plaintiff's favor; (C) the alleged contemnor, by his conduct, violated the terms of the decree, and had knowledge of such violations; and (D) the Plaintiff suffered harm as a result. *Young Again Products, Inc. v. Acord,* 2011 WL 6450843 (C.A. 4 (Md.)); *Ashcraft v. Conco, Inc.*, 218 F.3d 288 (4th Cir. 2000).

Tasker was sentenced to thirty days incarceration for civil contempt and ordered to pay the amount of $7,500.00 to Plaintiff's attorney. It was also ordered that Tasker could purge himself of the contempt and avoid the sentence by paying the sum of $7,500.00 to counsel for the Plaintiff on or before his release. Tasker was also ordered to pay an additional $1,920.00 in costs and attorney fees relating to the prosecution of the contempt proceeding to the Plaintiff's attorney within thirty days of his release from custody. The court confirms and incorporates herein the terms and conditions of the oral order from the bench.[2]

## **CONCLUSION**

---

[2] Tasker was placed into custody on March 2, 2012 and released on March 3, 2012 after payment of the sum of $7,500.00, as ordered (Dkt. No. 70). Payment of the sum of $1,920.00 was made as ordered on March 30, 2012 (Dkt. No. 76).

After a thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report (Dkt. No. 65) and incorporates it herein. It is therefore **ORDERED** that the Defendant be prohibited from introducing any documents not produced to the Plaintiff as of February 23, 2012, as evidence in a trial of this case. *See* Fed. R .Civ. P. 37(b)(2)(A)(ii). Accordingly, Plaintiff's Motion for Sanctions (Dkt. No. 41) is **GRANTED** in part as set forth above. Further, the contempt order issued from the bench by the undersigned on March 2, 2012 (Dkt. No. 67) is hereby confirmed and incorporated herein by this reference.

    **IT IS SO ORDERED.**

    s/Timothy M. Cain
    United States District Judge

Greenville, SC
April 2, 2012